Welcome to the first day of our panel sitting here in Atlanta. Judge Pryor and I are very glad and very thankful to have with us Judge Federico Moreno from the Southern District of Florida, the former chief judge there. Judge Moreno has been on the bench since 1990, the federal bench since 1990, state bench before that when he was appointed by the first President Bush. He sat with us before and we're very, very glad to have him here with us again. Judge Pryor Thank you. You're just making me feel older though. Wow. Judge Moreno It happens to all of us. You're familiar I hope with our lighting system. When the yellow light goes on that means that your time is drawing to a close so begin to wrap up. If we take you beyond the red light then just keep going. You'll be on our time and not yours. And with that, we're ready for our first case which is number 23-13942 United States v. Ryan Reeves. Ms. Lee. Jessica Lee Good morning, Your Honors. May it please the Court. Jessica Lee for the appellant Mr. Reeves. This case turns on a single issue. Will the government prove that Mr. Reeves knowingly possessed with intent to distribute the methamphetamine? We believe it did not. This is a classic case of guilt by association and not proof beyond a reasonable doubt. The government's case rests entirely on the uncooperated, inconsistent testimony of Jennifer McGrath. Judge McGrath Let me ask you a question. Ms. Lee Yes. Judge McGrath Were you the defense lawyer at trial? Ms. Lee No, Your Honor. Judge McGrath Do I have this right that he moved for judgment of acquittal only on the count that the jury eventually acquitted him of? Ms. Lee That is correct, Your Honor. Judge McGrath So he didn't even move for rule 29 motion for judgment of acquittal on this count. Does that change how we should view things? Ms. Lee We thought it was sufficiently proven, so he didn't even make the motion. There are a lot of cases where lawyers make the motion just to preserve the record, but he didn't even do that yet. So should that change how we analyze it if a motion is not made or when we do that? Ms. Lee Your Honor, I think that was a strategic judgment on trial counsel's part, Your Honor. If the court does believe a different standard applies, we do believe that even under a miscarriage of justice that the conviction cannot stand, Your Honor. And the reason is because there was only one witness, a cooperator, who used drugs, right, basically? Ms. Lee Yes, Your Honor. Judge McGrath There are a lot of cases like that. So if we rule that way, it's going to change the whole scenery of many other cases, don't you think? Ms. Lee Well, Your Honor, I think what's different in this case was that the government pushed the theory of aiding and abetting. However, there was no evidence that Mr. Reeves had the same shared criminal intent of Ms. McGrath to distribute those drugs. While there may be evidence that he helped further the possession, I don't think there was any evidence that he showed that he had the same criminal intent to actually facilitate and distribute those drugs. Judge McGrath Why would he, viewing the evidence in the light most favorable to the government, why would he help her obtain the methamphetamine in such amounts if he wasn't trying to help her with ultimate distribution? Ms. Lee Your Honor, for all we know that, you know, he could have believed that Ms. McGrath, who is an addict, that she was using over a gram a day of methamphetamine heroin, that this was all for personal use amount. Judge McGrath It was 450 grams. Is that what it was? Ms. Lee Yes, Your Honor. Judge McGrath That's over two years in one shot. Ms. Lee Well, Your Honor, there was never any discussion. There's nothing in the evidence that Mr. Reeves knew that Ms. McGrath was going to sell those drugs. She was dope sick at the time, and he agreed to travel with her to Peachtree City because she was dope sick and needed her next fix, Your Honors. I think in order to prove that he knew that she intended to distribute and that he joined in on that joint criminal adventure, there has to have been another further step to show that he tried to facilitate that distribution. Judge Goldberg But couldn't the jury have found that he was in actual possession of the methamphetamine? I mean, she testified that he bought the methamphetamine for her. When he came back, he had the methamphetamine, and there's evidence from which a jury could have found that he hid it in the front wheel of the car, and there was also methamphetamine in the car in which he was riding. That's a lot of evidence to fight against with regards to constructive or actual possession, don't you think? Ms. Lee Your Honor, I think a lot of that calls for speculation as well. In the trial at evidence, both Ms. McGrath and Mr. Reeves both drove the vehicle at different times. Ms. McGrath in her testimonies says repeatedly that this was her drugs and her money. And also looking back at the trial transcript, Your Honor, when Ms. McGrath did hand the money to Mr. Reeves, there's no testimony that Mr. Reeves handed the drugs back to her. When she returned back to the drugs were just there. How long was the trip when they went to get the drugs? I mean, they got in the car, it was a pretty long trip, wasn't it? It was probably about one way, about an hour and a half to two hours. And during that time in her testimony, she admits that, you know, if she does not get drugs within two or three hours, she gets dopesick and goes through withdrawals. And that is why Mr. Reeves drove Ms. McGrath too, to pick up those drugs to get her next fix. So it was good Samaritan defense, which did not work? Well, I think also, yes, to a certain extent, to make sure she doesn't drive off the road, to make sure that she doesn't get dopesick while driving. And she even admits that, you know, she knows that she will nod off at times. It was her car? It was her vehicle, yes, Your Honor. And so based off this, while we understand that there may be some circumstantial evidence, we don't believe that there was any evidence to prove the exact specific shared intent that Mr. Reeves had taken any affirmative steps to further the distribution. There was no evidence or testimony by Ms. McGrath that Mr. Reeves was her partner or that he intended to benefit from the sale in any type of way. There was no evidence that he was using or even selling drugs at all, Your Honor. So we believe that because there was no shared criminal intent on behalf of Mr. Reeves and Ms. McGrath, that this conviction for possession of intent to distribute cannot stand, Your Honors. Thank you. Good morning, Your Honors, and may it please the Court, Stuart Walker for the United States. While the evidence was sufficient to support Mr. Reeves' conviction for possessing with intent to distribute 50 grams or more of methamphetamine, the simplest way to resolve this appeal is to conclude that the evidence was sufficient to convict him on a theory that he aided and abetted Ms. McGrath's possession with intent to distribute 50 grams or more. I can't say that exclusively we do that every time. It certainly was done here. The count one of this indictment charged both of them with the substantive offense, and it said that each of them aided and abetted by the other and cited 18 U.S.C. Section 2. So even though the law didn't require it to be alleged in the indictment, it was here. It was also argued to the jury by both the government and defense, and the district court instructed the jury on the elements of aiding and abetting. There is no conspiracy count that you have in a lot of drug cases. Almost every drug case seems to have a conspiracy. The law didn't have that though, right? That's correct. No conspiracy count, Your Honor. Did he usually prove a conspiracy or aiding and abetting a substantive offense? I think on the facts of this case, the aiding and abetting theory of culpability was easier to prove, and I'll explain to the Court why that's the case. But before I do that, I'd like to bring the Court's attention to statements from defense counsel, trial counsel's comments during closing argument. And the first, and I just want to quote, this is page 153 of the trial transcript. Mr. Reeves' lawyer says, the only thing Mr. Reeves participated in was the intent to help her, that is McGrotha, possess methamphetamine and heroin. And then again on page 159 during the closing argument, his counsel, the truth is the only thing Mr. Reeves is guilty of is aiding and abetting her in the possession of methamphetamine and heroin. And the reason I say that is because he did drive her up there knowing that that's what she was going to get. Now the reason that we can sustain the conviction on the grounds of aiding and abetting is the Governor had to show the substantive offense was committed by someone, that Mr. Reeves took an act that contributed to and furthered the offense, and that Mr. Reeves intended to aid the commission of the offense. And we have that in spades, we think. So in terms of intent to distribute, is there any evidence other than the amount of the drugs that gets you there? Because they say it was just going to be possession, her possession that he aided and abetted. We relied on the quantity of the drugs alone. In reliance on the court's cases that say a big amount of drugs solely can be used to support the inference of intention to distribute. And so with respect to the first element, obviously Ms. McGroth entered a plea agreement. She pleaded guilty to count one. So she pleaded guilty to possessing with intent to distribute 50 grams or more of methamphetamine. She testified that it was her intention to drive there, get the drugs, bring them back and sell them to users in Thomasville. What did she say about the code effect? What did she say about? Yeah, how he was helping her. Oh, well, he orchestrated the trip because he's the one who knew the people in Peachtree City. And so she relied on him, not only for transportation, but actually to hook her up with the people who were selling the drugs. And she testified exactly that way in front of the jury. Yes, I mean, I may be paraphrasing her testimony, but what she said is, I knew from previous communications with Mr. Reeves that he knew people who could sell these drugs. And I asked him to take me up there and he did. Now, based upon what you tell us, that's in the transcript on page 153. And the fact that the lawyer made a strategic decision for whatever reason not to move for judgment of acquittal. Are you going to be back here after a 2255 is filed? I hope we're not back here. I hope this court wouldn't issue a COA if there's a 2255. I would hope that we could defeat it and not be here on appeal. I will mention one thing. The challenge to the sufficiency of the evidence as to his own possession with intended attribute is unpreserved, as you noted, Judge Moreno. And that does put him in a different posture in what he has to prove to challenge that on appeal. So a conviction can be reversed where there's an unpreserved sufficiency challenge only if necessary to avoid a manifest miscarriage of justice. And what this court has said that means is either the record is devoid of evidence on an essential element or the evidence on a key element is so tenuous that a conviction would be shocking. So those are the two features of the manifest miscarriage of justice standard. We think he can meet neither of those. But the thing I wanted to point out is not only is the challenge to the aiding and abetting theory unpreserved, it was not even made in this court. And so we've argued that that is abandoned because no challenge to aiding and abetting was made in appellant's opening brief. I mean, we're happy to explain why we think we prevailed there. And I think I have done that. The last thing I'll say is that the Supreme Court in Roseman said for aiding and abetting purposes, a defendant intends to aid the commission of the substantive offense if he actively participates in the scheme knowing its extent and character. And here we think the evidence shows beyond a reasonable doubt that Mr. Reeves participated in Ms. McGrotha's scheme. He orchestrated it. He put her in touch with the people who were selling the drugs. He took her cash. He bought the drugs. He returned her home. He knew the character and extent of what she was trying to do in the words of his own trial counsel at page 159, which I've read to the court. I'm happy to take any questions the panel may have. Otherwise, I would ask that Mr. Reeves' conviction be affirmed. Your Honor, very briefly, to acknowledge the government's argument about the aiding and abetting thing, whether we have abandoned it, Your Honor, we did challenge the legal sufficiency in this case. And necessarily, we argued that under any theory of guilt that there is not sufficient evidence, Your Honor. The government had cited to a case, Riedemann v. Abed, in that regards to an evidentiary objection that was raised in trial court that was not raised on appeal. However, we did challenge the legal sufficiency in this case, Your Honor. So we did not abandon that issue. And going back to the aiding and abetting, under that theory, Your Honor, there does still need to be some type of evidence or proof of a specific intent in regards to the intent to distribute. I don't think it is enough just for the evidence of just the possession alone. But there has to be, under that aiding and abetting theory, there must be some type of evidence of specific intent on the parties to further that distribution. But here, it wasn't just possession. He purchased the methamphetamine for her. That makes the case different. So, from my perspective, this is not a case in which she was just merely found in a car with methamphetamine, where you could argue mere presence is not enough. He was just in the wrong place at the wrong time. But here, her testimony was that he basically purchased the drugs for her. But I think that's a tough thing to overcome. Yes, Your Honor. But I think it also, it's speculative to determine whether or not that intent of helping her purchase it was just for the possession, not necessarily to help her distribute her own drugs, Your Honor. And so, also based off of the quantity amount, from my understanding of aiding and abetting theory, while typically if a client was just charged with possession intent to distribute, yes, you can infer based off the quantity amount. However, in this situation, because there is the aiding and abetting theory, there must be some type of additional evidence to show there was specific intent to further that distribution. And I think... Which case stands for that? Aiding and abetting in a drug case, you need more proof than in a substantive possession with intent to distribute. Is there a case that says precisely that? No, Your Honor. We will be the first to do so. Yes, Your Honor. But my interpretation of Rosemann, it does require just a more affirmative act in regards to both elements of the offense in this case, Your Honor. Is it easier to prove conspiracy than aiding and abetting? Do you agree with your opponent that it's easier? I disagree, Your Honor. I believe it would be easier to convict on the conspiracy versus the aiding and abetting. I believe aiding and abetting does require an additional proof that there was a specific intent in regards to the distribution. I mentioned strategic decision by the counsel not to move for judgment of acquittal. What would that be? Help me out. A strategic decision. I mean, I'm putting you in a corner and you're a trial lawyer. Your Honor, I cannot read my trial counsel's mind, unfortunately. But it may have been one of those moments where it was just a decision, judgment on her part, Your Honor. And Your Honor, for these grounds, we ask that the court reverse Mr. Reed's conviction and remand it for trial. Thank you.